UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM NISONGER,

       Plaintiff,

                           CASE NO. 07-CV-10808-DT
                           JUDGE GERALD E. ROSEN
                           MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

WOLFGANG SCHWENK,

       Defendant.

_____/

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE
## ALTERNATIVE, TO QUASH SERVICE OF PROCESS (Doc. Ent. 2)

**I.**     **Background**

On November 29, 2006, plaintiff filed a complaint against defendant in Oakland County Circuit Court, Case No. 06-079126-CK, alleging (I) breach of contract, (II) breach of implied contract and (III) detrimental reliance/promissory estoppel. Doc. Ent. 1 at 7-11. On February 2, 2007, plaintiff filed a motion and verification for alternate service, and Judge Denise Langford Morris entered an order for alternate service. Doc. Ent. 1 at 12-13.

On or about February 5, 2007, Jutta Hoffer "signed for the certified mail delivery which was addressed to Schwenk at 3355 Bald Mountain Rd., Unit 30, Auburn Hills, Michigan 48326." Afterward, Ms. Hoffer provided a copy of the Summons and Complaint to defense counsel. Doc. Ent. 2 at 3. Plaintiff filed a proof of service regarding the summons, complaint and order for alternate service on February 8, 2007. Doc. Ent. 1 at 14.

On February 23, 2007, defendant removed plaintiff's case to this Court based upon diversity of citizenship. Doc. Ent. 1 at 1-5.

**II.      The Instant Motion**

On February 26, 2007, defendant filed a motion to dismiss or, in the alternative, to quash service of process.  Doc. Ent. 2.  Defendant contends that "[n]either Ms. Hoffer nor the undersigned was authorized to receive service of the Summons and Complaint for Schwenk." Doc. Ent. 2 at 3.  Defendant asks that "[p]laintiff's Complaint be dismissed in its entirety for insufficiency of process and insufficiency of service of process or, alternatively, that this Court quash the purported service of process upon him due to Plaintiff's failure to . . . follow the mandates of the Hague Convention."  Doc. Ent. 2 at 4.

Judge Rosen has referred this motion to me for report and recommendation.  Doc. Ent. 3. However, because I conclude that defendant's alternative request for relief is appropriate, and because such relief is non-dispositive in nature, I have issued my opinion in the form of an order.

**III.      Analysis**

Defendant specifically argues that (A) "[p]laintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process[,]" and (B) "[i]n the alternative, this Court must quash the purported service of process upon defendant."  Doc. Ent. 2 at 4, 7.

E. D. Mich. LR 7.1(b) provides that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available."  The time for filing a response has passed, whether the instant motion is construed as dispositive or non-dispositive. E. D. Mich. LR 7.1(d)(1)(B), (d)(2)(B).

Plaintiff has not filed a response to the instant motion.  Therefore, the Court accepts the facts as asserted in defendant's motion and concludes that proper service has not been made.

Furthermore, upon consideration, the Court grants the alternative relief sought by defendant. The service of process upon defendant during February 2007 is quashed.  Plaintiff must serve defendant in accordance with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U. S. T. 361 (Nov. 15, 1965).

## IV.   Order

Consistent with the foregoing, defendant's motion to dismiss or, in the alternative, to quash service of process (Doc. Ent. 2) is GRANTED IN PART.  Accordingly, the February 2007 service of process upon defendant is QUASHED.  Plaintiff has ninety (90) days to provide proof of service in compliance with the Hague Convention.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten (10) days from the date of service of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

s/Paul J. Komives

Dated: 4/27/07                 PAUL J. KOMIVES
                               UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 27, 2007.

s/Eddrey Butts
Case Manager